UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| HOLLIE TOUPS, )<br>)<br>       Plaintiff, )<br>)<br>v. )<br>)<br>GOOGLE, INC. and WWW.MYEX.COM, )<br>)<br>Defendants. )<br>)<br>)<br>) | CASE NO.: 1:14-cv-00127-MAC |

## JOINT CONFERENCE REPORT

TO THE HONORABLE JUDGE OF THIS COURT:

    COME NOW, Plaintiff Hollie Toups ("Plaintiff") and Defendant Google, Inc. ("Defendant" or "Google") (collectively, the "parties") and submit a joint conference report as required by the Court's Order dated June 24, 2014. Defendant MYEX.COM has not yet been served.

**I.    FACTUAL AND LEGAL DESCRIPTION OF THE CASE**

**Plaintiff**: This is a lawsuit brought pursuant to the United States Copyright Act of 1976, 17 U.S.C. §§ 101-810, as amended. The Plaintiff Hollie Toups ("Toups") is the victim of what is called "revenge porn" websites, www.texxxan.com, www.texxxans.com, www.myex.com and others. Toups and other plaintiffs filed suit in Orange County, state court against these texxxan websites in Cause No. D-130,018-C. Toups was successful in obtaining a temporary injunction

shutting down the texxxan websites up until the time of trial. Toups is seeking a permanent injunction in that state court action to permanently shut down those websites.

Although Toups has pursued state court remedies against the two (2) texxxan websites, the Defendants in this matter continue to host, post and provide links to intimate photographs or images of Toups that she copyrighted pursuant to the Copyright Act. Toups' copyright is Registration Number Vau-1-147-235, with an effective date of registration of July 14, 2013. Toups has copyrighted ten (10) intimate images of herself. After copyrighting her intimate images, Toups provided notice to both Defendants of their ongoing copyright violations by (1) Google continuing to host or make accessible through its search/images function, her copyrighted, intimate images, and (2) by www.myex.com continuing to post her copyrighted images in its "revenge porn" website. Toups followed the procedure required by both www.myex.com and Google to provide notice to them of their copyright violations. Toups' notice to both Defendants included the following information: (1) the internet Google search function for images and the webpage www.myex.com contain, post or host Toups' copyrighted images; (2) a statement that Toups had not assigned or otherwise granted any rights to any third party in the contents at issue now or previously appearing at the particular internet locations in question; (3) that Toups is the exclusive copyright holder of all the images at issue; (4) that the infringed copyrighted images were specifically identified by Toups and that sufficient identification information was provided to Defendants; (5) that the use, posting or publication of the copyrighted images were all contrary to federal law; and (6) that Toups would retain an attorney if she was not successful in having her copyrighted images removed by these Defendants.

Although Toups provided proper notice to each of these Defendants, requesting that they take down these copyrighted images, the Defendants refused to do so. The website www.myex.com would take down the images, only to put them up again later. Toups followed Google's rather onerous process for removal of her copyrighted images from Google's search/images function, including Toups providing all required information to Google's email address at removal@google.com. At this time, however, Google stubbornly refuses to take down one last remaining copyrighted image from its search/images function.

Toups brings this lawsuit under Section 102 of the Copyright Act for Defendants' continuing and everyday violations of Toups' lawfully protected rights under the Copyright Act. Section 102 of the Act defines a protected work or authorship to include pictorial, graphic or other works that include Toups' images at issue. Under Section 106 of the Copyright Act, Toups has the exclusive rights and the exclusive use of these images as the copyright holder, which includes the right to copy, distribute or display any and all of these images at issue. That is, neither Google nor www.myex.com have any legal rights to display, post, publicize or profit from Toups' copyrighted images, but Defendants brazenly are ignoring federal law.

Further, the Defendants cannot avail themselves of a "fair use" defense under Section 107 of the Copyright Act. This defense is not applicable, because under the Fair Use Doctrine a copyrighted work is not subject to a copyright infringement lawsuit **only** if its use is for such things as teaching, scholarship, research or news reporting. The hosting and posting of Toups' copyrighted images do not fall within the purview of this affirmative defense. That is, neither Defendant are engaging in teaching, scholarship, research or news reporting by posting Toups' intimate, copyrighted images. Further, neither Defendant is a non-profit educational institution.

Instead, both Defendants' breaches of the Copyright Act are intended only to appeal to the prurient interests of viewers and to put profits over the rights of people, like Toups.

Toups, therefore, is seeking damages for each of the Defendants' breaches of the Copyright Act by willfully displaying, hosting or posting Toups' copyrighted images. Toups is also seeking a temporary injunction and ultimately a final injunction after trial, requiring these Defendants to no longer breach her copyrights by hosting or posting these images or providing links that would show these images.

Toups is seeking to recover her actual damages under 17 U.S.C. Section 504, or statutory damages, and her attorneys' fees and expenses.

Toups is also asserting against each Defendant a Texas state law pendent claim for invasion of privacy. Toups asserts this cause of action, because both Defendants are knowingly hosting or posting her intimate, copyrighted images.

**Defendant**:   In the Amended Complaint, Plaintiff alleges copyright infringement and state law invasion of privacy claims against defendant Google because its Internet search engine allegedly includes a link to a copyrighted photograph of Plaintiff that is found on a third-party website unrelated to Google. Defendant makes available to the public a simple web form that can be used to request takedowns of links in its search engine to allegedly infringing images, pursuant to the Digital Millennium Copyright Act. Plaintiff has used this process in the past to request an image link takedown, and Google has done so. Plaintiff appears to acknowledge this in the Amended Complaint, but now claims that Google allegedly "refuses to take down one last remaining copyrighted image." Am. Cplt. ¶ 7. However, to the extent there is an additional allegedly infringing image or search result that remains at issue, Google cannot identify what it is, because Plaintiff refuses to use the web form to request a takedown of this "last remaining"

image, and refuses to even identify the URL of any additional alleged infringement. Counsel for Google has requested that Plaintiff's counsel provide this information, which is necessary to identify the specific link at issue, but Plaintiff's counsel has not done so. As will be further detailed in Defendant's motion to dismiss, Plaintiff's amended complaint fails to state a claim for copyright infringement because it does not adequately identify the alleged infringement or the allegedly infringing acts. Moreover, linking to an image does not constitute copyright infringement as a matter of law. In addition, as an online service provider, Defendant is immune from suit for state law torts such as invasion of privacy pursuant to Section 230(c) of the federal Communications Decency Act. Even if Plaintiff were able to further amend the complaint to sufficiently allege copyright infringement, Defendant is also protected from suit by the safe harbors provided by the Digital Millennium Copyright Act, 17 U.S.C. § 512. If Defendant should prevail on the copyright claim, it may also be entitled to an award of its reasonable attorneys' fees pursuant to 17 U.S.C. § 505 as the prevailing party.

Google also anticipates that, if the case proceeds past the pleading stage, it may seek leave to file an early summary judgment motion directed to the issue of the applicability of DMCA safe harbors as a defense to Plaintiff's copyright claim.

## II.  RULE 26(F) CONFERENCE

The Rule 26(f) conference was conducted on July 14, 2014 by telephone, and included John S. Morgan for Plaintiff and Thad Heartfield and Maura L. Rees for Defendant Google. Defendant MYEX.COM has not been served and did not participate.

## III.  RELATED CASES

The parties are not aware of any related cases to this action.

**IV. AGREED DISCOVERY/CASE MANAGEMENT PLAN**

If the complaint should survive a motion to dismiss, the parties agree that discovery will occur in the following phases, which will occur before other discovery is commenced:

1. <u>First</u>, Plaintiff will identify each copyrighted work-in-suit, including production of a copy of each work (which may be appropriately redacted if the work is of a sensitive nature), identification of the corresponding copyright registration for each work, and identification of each URL where Plaintiff alleges the infringing copy of the work is found, as to each infringement alleged against Defendant in this action.

2. <u>Second</u>, Defendant will produce documents relating to its compliance with DMCA safe harbors.

Other discovery, if needed, may proceed after completion of the first two phases. The parties stipulate that initial disclosures will be provided by October 10, 2014. The parties agree that the discovery limits in the Federal Rules of Civil Procedure shall apply to this case. The parties intend to submit a proposed protective order governing confidentiality for the Court's approval prior to production of documents or other confidential information in discovery. The parties have also attached an agreed Scheduling Order.

**V. PRE-TRIAL CONFERENCE**

The parties propose that the Final Pre-Trial conference shall be scheduled on August 7, 2015.

**VI. EXPECTED LENGTH OF TRIAL**

The parties anticipate it will take three days to try the case.

**VII. MAGISTRATE**

The parties do not agree to a trial before the Magistrate.

**VIII. JURY TRIAL**

Defendant does not request a jury trial.  Plaintiff requests a jury trial.

**IX. CONFERENCE**

The parties do not request a Rule 16(b) Conference before entry of a Scheduling Order.

Dated:  August 1, 2014

Respectfully submitted,

 */s/ J. Thad Heartfield*
Maura L. Rees, *Pro Hac Vice*
Brian M. Willen, *Pro Hac Vice*
Wilson Sonsini Goodrich & Rosati PC
650 Page Mill Road
Palo Alto, California 98104
(650) 493-9300
mrees@wsgr.com
bwillen@wsgr.com

J. Thad Heartfield
Texas Bar No. 09346800
The Heartfield Law Firm
2195 Dowlen Road
Beaumont, Texas 77706
(409) 866-3318
(409) 866-5789 (fax)
thad@heartfieldlawfirm.com

ATTORNEYS FOR DEFENDANT,
GOOGLE INC.

*/s/ John S. Morgan*
John S. Morgan
Texas Bar No. 14447475
Morgan Law Firm
2175 North Street, Suite 101
Beaumont, Texas 77701
(409) 239-5984
(409) 835-2757 facsimile
jmorgan@jsmorganlaw.com

ATTORNEY FOR PLAINTIFF HOLLIE TOUPS

## CERTIFICATE OF SERVICE

      The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 1st day of August, 2014. Any other counsel of record will be served by first class mail.

                                                                                */s/ J. Thad Heartfield*
                                                                                J. Thad Heartfield